UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CHRISTOPHER G. SANDERS**<br>    **LA. DOC #510422**<br>**VS.** | **CIVIL ACTION NO. 3:15-cv-1220**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **JOEL WEATHERLY, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se plaintiff Christopher G. Sanders, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 17, 2015. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the Richland Parish Detention Center (RPDC) and complains about conditions of confinement and inadequate medical care. He sued Warden Joel Weatherly, Chief of Security Willie Shaw, Nurse Candi, and Sheriff Lee Harold seeking punitive and compensatory damages for "mental anguish, pain and suffering." On May 27, 2015 plaintiff was ordered to amend his complaint within 30 days to cure various deficiencies noted and to provide "(1) the name of each person who allegedly violated plaintiff's constitutional rights; (2) a description of what actually occurred or what each defendant did to violate plaintiff's rights; (3) the place and date that each event occurred; and (4) a description of the alleged injury sustained as a result of the alleged violation." [Doc. 10]

Plaintiff did not respond to the Amend Order, and, in fact, has not been in contact with the Court since May 6, 2015, when he submitted his complaint and application to proceed in forma pauperis on the forms provided by this Court. [Docs. 5 and 6]

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). The undersigned evaluated the original complaint pursuant to 28 U.S.C. §§1915 and 1915A and directed petitioner to amend and provide the information needed to further evaluate plaintiff's claims. Plaintiff has disregarded the order to amend.[1]

Therefore,

---

[1] It is unclear whether dismissal at this time will result in the complete forfeiture of plaintiff's claims should he desire at some later date to pursue them. Nevertheless, dismissal at this juncture would still be appropriate even if it ultimately "deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As previously noted, plaintiff has submitted an inadequate pleading; he was instructed to amend to cure the defects noted in the order; however, he has failed to do so within the time limitation provided. Finally, it must be assumed that plaintiff no longer desires to prosecute this action since he has not been in contact with the Court since May 6, 2015, the date he submitted his application to proceed in forma pauperis and amended complaint.

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** for failure to prosecute in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, September 28, 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE